**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| STATE OF NEBRASKA, et al., | |
| *Plaintiffs*, | |
| v. | No. 4:22-cv-01040-HEA |
| JOSEPH R. BIDEN, Jr., et al., | |
| *Defendants*. | |

**MOTION FOR INJUNCTION PENDING APPEAL
OR TEMPORARY ADMINISTRATIVE STAY OF AGENCY ACTION**

As directed in Fed. R. App. P. 8(a)(1)(C), Plaintiff States move this Court for an injunction pending appeal.  The States seek an injunction by Saturday October 22, 2022, that bars Defendants from implementing or enforcing the Mass Debt Cancellation for student loans.

"To be entitled to an injunction pending appeal," a party "must show (1) the likelihood of success on the merits; (2) the likelihood of irreparable injury to appellants absent an injunction; (3) the absence of any substantial harm to other interested parties if an injunction is granted; and (4) the absence of any harm to the public interest if an injunction is granted."  *Shrink Missouri Gov't PAC v. Adams*, 151 F.3d 763, 764 (8th Cir. 1998).  Those factors support an injunction here.

*First*, the States reiterate their position that they are likely to succeed on the merits of their claims. *See* Doc. 5, at 12–41; Doc. 31, at 2–21.  Rather than restate those arguments, the States incorporate their prior analysis here.  *See id.*  Though this Court concluded that the States lack standing to bring this suit, *see* Doc. 44, district courts throughout the Eighth Circuit have issued injunctions pending appeals, or stays of injunctions pending appeal, so long as the legal questions are "substantial," *see, e.g.*, *Sweeney v. Bond*, 519 F. Supp. 124, 132 (E.D. Mo. 1981), *aff'd*, 669 F.2d 542 (8th Cir. 1982), or "close," *see, e.g.*, *Perrin v. Papa Johns Int'l, Inc.*, No. 4:09CV01335, 2014 WL 306250, at *2 (E.D. Mo. Jan. 28, 2014); *see also Population Inst. v. McPherson*, 797

1

F.2d 1062, 1078 (D.C. Cir. 1986) ("It will ordinarily be enough that the [movant] has raised serious legal questions going to the merits, so serious, substantial, difficult as to make them a fair ground of litigation") (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977)).

The Court should find—at the very least—that the States have raised substantial or close questions on whether they have standing to pursue this case.  For example, the Court's holding that MOHELA's harms (which it does not dispute are substantial) "are not attributable to the state in which it operates, and [so] Missouri cannot establish standing to bring its claims or establish standing through any arguments relating to MOHELA," Doc. 44, at 13, raises at least a substantial and close question.  MOHELA (as a state entity) and its financial well-being (as an entity charged with furthering essential public functions) are certainly interests of Missouri, and by law "[t]he attorney general shall institute, in the name and on the behalf of the state, all civil suits and other proceedings at law or in equity requisite or necessary to protect the rights and interests of the state." Mo. Rev. Stat. §27.060.  Add to that the Court's recognition that the States have "present[ed] important and significant challenges to the debt relief plan," Doc. 44, at 18, and the Court should find that this first factor weighs in favor of granting an injunction pending appeal.  *See Liddell v. Bd. of Educ. of City of St. Louis*, No. 4:72CV100 HEA, 2021 WL 254015, at *2 (E.D. Mo. Jan. 26, 2021) (issuing an injunction pending appeal due to the strength of Missouri's arguments on appeal while adhering to its contrary ruling).

*Second*, the States will be irreparably harmed without an injunction pending appeal.  Again, the States have already explained this argument, and they incorporate it here.  *See* Doc. 5, at 42–43.  In short, Defendants' Cancellation will start eliminating outstanding student loan debts as soon as Sunday October 23.  *See* Doc. 44, at 5.  Once that happens, the States will be unable to remedy

the full scope of all the harms they are experiencing.  Thus, irreparable harm will occur without an injunction pending appeal.

*Third*, an injunction pending appeal would not inflict any substantial harm on Defendants or other interested parties.  As to Defendants, they will endure no cognizable injury because government officials "do[] not have an interest in the enforcement of [illegal government action]." *N.Y. Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 488 (2d Cir. 2013).  Nor will an injunction harm borrowers because their loan payments have been deferred and interest is not accruing, and Defendants can continue this forbearance while the appeal is decided.

*Fourth*, the public interest weighs in favor of granting an injunction pending appeal.  "[T]he public's true interest lies in the correct application of the law."  *Kentucky v. Biden*, 23 F.4th 585, 612 (6th Cir. 2022); *see also Rodgers v. Bryant*, 942 F.3d 451, 458 (8th Cir. 2019) ("it is always in the public interest to protect constitutional rights").  Accordingly, "[t]here is generally no public interest in the perpetuation of unlawful agency action." *League of Women Voters of United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016).  "[O]ur system does not permit agencies to act unlawfully even in pursuit of desirable ends." *Alabama Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 141 S. Ct. 2485, 2490 (2021) (per curiam).

It also undermines the public interest to allow a massive unlawful government program to commence without the opportunity for appellate review.  As mentioned, Defendants have indicated that they will start cancelling student loan debt as soon as this Sunday October 23.  Doc. 27-1, at p. 3, ¶ 5.  As of Monday October 17, more than eight million borrowers had applied for debt cancellation, according to Defendants.  *See* A. Gangitano, *White House Says 8 Million Americans Have Applied for Student Loan Debt Forgiveness*, The Hill (Oct. 17, 2022), https://tinyurl.com/bdhcajdt.  And that number has surely grown since then.  On Monday, Defendants promised to "mov[e] as quickly as possible to provide relief to as many as possible."

*Id.*  Because eight million borrowers account for roughly 20 percent of the total borrowers who stand to benefit under the Cancellation, *see* Doc. 31-1, at 24, Defendants could erase about $80 billion to $100 billion in student loans as soon as this Sunday.  To ensure that does not happen before the Eighth Circuit can review the "important and significant challenges" the States have presented, Doc. No. 44, at 18, this Court should enter an injunction pending appeal by Saturday October 22.

In the alternative, the States request an administrative stay by Saturday October 22 ordering Defendants not to discharge any student loan debt under the Cancellation program until the Eighth Circuit rules on the States' forthcoming emergency motion for an injunction pending appeal.  *See, e.g.*, *A.B.-B. v. Morgan*, 548 F. Supp. 3d 209, 216 (D.D.C. 2020) (granting "an administrative stay to preserve the status quo pending [the Court's] ruling on plaintiffs' forthcoming motion for a preliminary injunction"); *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 396 (5th Cir. 2020) (granting "a temporary administrative stay to consider carefully the motion for stay pending appeal").  Such relief would allow the Eighth Circuit to review the matter before Defendants implement the Cancellation.  And even if the Eighth Circuit ultimately rejects the States' motion for an injunction pending appeal, the only effect of granting an administrative stay will be a very brief delay in discharging debt.  Because Defendants' Cancellation program appears slated to run to at least December 31, 2023, *see* Doc. 31-1, at 5, a short postponement will not materially hamper the program.  Nor will borrowers be harmed because, as already mentioned, Defendants have paused loan payments through December 31, 2022, for those eligible to receive cancellation.  Thus, as a minimum, the Court should enter a brief administrative stay barring Defendants from discharging any student loan debt under the Cancellation program until the Eighth Circuit rules on the States' forthcoming emergency motion for an injunction pending appeal.

\* \* \*

For these reasons, the States respectfully request that the Court enter an injunction pro-hibiting Defendants from implementing or enforcing the Cancellation while the States pursue their pending appeal.  In the alternative, the States seek a temporary administrative stay prohibiting Defendants from discharging any student loan debt under the Cancellation until the Eighth Circuit rules on the States' forthcoming motion for an injunction pending appeal.

Dated: October 20, 2022

Respectfully submitted,

**DOUGLAS J. PETERSON**
**Attorney General of Nebraska**

*/s/ James A. Campbell*
James A. Campbell
  *Solicitor General of Nebraska*
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
(402) 471-2686
Jim.Campbell@nebraska.gov
*Counsel for Plaintiffs*

**ERIC S. SCHMITT**
**Attorney General of Missouri**

*/s/ Michael E. Talent*
D. John Sauer, #58720MO
  *Solicitor General of Missouri*
Michael E. Talent, #73339MO
  *Deputy Solicitor General of Missouri*
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
(314) 340-4869
Michael.Talent@ago.mo.gov
*Counsel for Plaintiffs*

**LESLIE RUTLEDGE**
**Attorney General of Arkansas**

*/s/ Dylan L. Jacobs*
Nicholas J. Bronni
  *Solicitor General of Arkansas*
Dylan L. Jacobs
  *Deputy Solicitor General of Arkansas*
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-2007
Dylan.Jacobs@arkansasag.gov
*Counsel for State of Arkansas*

**JEFFREY S. THOMPSON**
**Solicitor General of Iowa**

*/s/ Samuel P. Langholz*
Samuel P. Langholz
  *Assistant Solicitor General of Iowa*
Office of the Iowa Attorney General
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 281-5164
jeffrey.thompson@ag.iowa.gov
sam.langholz@ag.iowa.gov
*Counsel for State of Iowa*

**DEREK SCHMIDT**
**Attorney General of Kansas**

*/s/ Shannon Grammel*
Shannon Grammel
  *Deputy Solicitor General of Kansas*
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
(785) 296-2215
shannon.grammel@ag.ks.gov
*Counsel for State of Kansas*

**ALAN WILSON**
**Attorney General of South Carolina**

*/s/ J. Emory Smith, Jr.*
J. Emory Smith, Jr.
  *Deputy Solicitor General of South Carolina*
Office of the Attorney General of South
Carolina
P.O. Box 11549
Columbia, SC 29211
803-734-3680
ESmith@scag.gov
*Counsel for State of South Carolina*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2022, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system and, through that system, was served on counsel for all parties.

*/s/ James A. Campbell*
James A. Campbell
