IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE OF NEBRASKA,<br>STATE OF MISSOURI,<br>STATE OF ARKANSAS,<br>STATE OF KANSAS,<br>STATE OF IOWA, and<br>STATE OF SOUTH CAROLINA,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>JOSEPH R. BIDEN, Jr.,<br>In his official capacity as the President of the United States of America;<br>MIGUEL CARDONA, in his official capacity as Secretary of the United States Department of Education; and<br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    *Defendants*. | Case No. 4:22-cv-01040 |

## JOINT STIPULATION

In accordance with the decision of the Supreme Court in *Biden v. Nebraska*, 143 S. Ct. 2355 (2023), the parties jointly present this Court a stipulation regarding appropriate relief on remand and final resolution of this case.

### Background

On September 29, 2022, Plaintiffs filed their Complaint and an accompanying Motion for Preliminary Injunction, challenging the legality of Defendants' student loan forgiveness plan. Doc. 1, 3. The next month, this Court dismissed the Complaint for lack of standing. Doc. 44, 46. The Eighth Circuit entered an injunction pending appeal. *Nebraska v. Biden*, 52 F.4th 1044 (8th

Cir. 2022). Defendants sought certiorari before judgment in the Supreme Court, which the Court granted. *Biden v. Nebraska*, 143 S. Ct. 477 (2022).

On June 30, 2023, the Supreme Court reversed the district court's judgment and remanded for further proceedings. *Biden v. Nebraska*, 143 S. Ct. at 2376. The Court held that the State of Missouri had standing. *Id*. at 2368. Next, it held that the HEROES Act—the statutory authority relied on by Defendants—"provides no authorization for the Secretary's" student loan forgiveness plan and fails to provide "'clear congressional authorization' for such a program." *Id*. at 2375.

### The Parties' Joint Stipulation

Consistent with the foregoing, the Parties jointly stipulate the following:

1. Plaintiffs are entitled to relief consistent with the Supreme Court's judgment and accompanying opinion.

2. The Supreme Court concluded that Defendants' student loan debt relief program, as described in the Federal Register Notice titled *Federal Student Aid Programs (Federal Perkins Loan Program, Federal Family Education Loan Program, and William D. Ford Federal Direct Loan Program)*, 87 Fed. Reg. 61512 (October 12, 2022), exceeds Defendants' statutory authority under the HEROES Act, 20 U.S.C. § 1098bb, and must be vacated and set aside, rendering the plan null and void.

3. Accordingly, this Court should enter final judgment for Plaintiffs and against Defendants declaring that Defendants' student loan debt relief program is vacated and set aside as null and void. Notwithstanding the Department of Justice's position that vacatur ordinarily is not an appropriate remedy under 5 U.S.C. 706, in this instance Defendants acquiesce in that remedy because the Supreme Court already has held Defendants' loan-forgiveness plan to be in excess of statutory authority under the HEROES Act.

| | |
|---|---|
| Dated: August 15, 2023 | Respectfully submitted, |
| **MICHAEL T. HILGERS**<br>**Attorney General of Nebraska** | BRIAN M. BOYNTON<br>  *Principal Deputy Assistant Attorney General* |
| /s/  Eric J. Hamilton<br>Eric J. Hamilton<br>  *Solicitor General of Nebraska*<br>Office of the Nebraska Attorney General<br>2115 State Capitol<br>Lincoln, NE 68509<br>(402) 471-2686<br>Eric.Hamilton@nebraska.gov<br>*Counsel for Plaintiffs* | BRIAN D. NETTER<br>  *Deputy Assistant Attorney General*<br><br>MARCIA BERMAN<br>Assistant Branch Director<br><br> /s/  Kate Talmor<br>KATE TALMOR<br>CODY T. KNAPP<br>SAMUEL REBO<br>  *Trial Attorneys* |
| **ANDREW BAILEY**<br>**Attorney General of Missouri** | United States Department of Justice<br>Civil Division, Federal Programs Branch1100<br>L St., NW |
| /s/ Jeff P. Johnson<br>Jeff P. Johnson<br>  *Deputy Solicitor General*<br>Missouri Attorney General's Office<br>Post Office Box 899<br>Jefferson City, MO 65102<br>(314) 340-7366<br>jeff.johnson@ago.mo.gov<br>*Counsel for Plaintiffs* | Washington, DC 20005<br>202-305-5267<br>Email: kate.talmor@usdoj.gov<br>*Counsel for Defendants* |
| **TIM GRIFFIN**<br>**Attorney General of Arkansas** | |
| /s/ Dylan L. Jacobs<br>Nicholas J. Bronni<br>  *Solicitor General*<br>Dylan L. Jacobs<br>  *Deputy Solicitor General*<br>Office of the Arkansas Attorney General<br>323 Center Street, Suite 200<br>Little Rock, AR 72201<br>(501) 682-2007<br>dylan.jacobs@arkansasag.gov<br>*Counsel for State of Arkansas* | |

3

**KRIS KOBACH**
**Attorney General of Kansas**

/s/ Dwight Carswell
 *Deputy Solicitor General*
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
(785) 296-2215
dwight.carswell@ag.ks.gov
*Counsel for State of Kansas*

**BRENNA BIRD**
**Attorney General of Iowa**

/s/ Eric. A. Wessan
 *Solicitor General*
Office of the Iowa Attorney General
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
eric.wessan@ag.iowa.gov
*Counsel for State of Iowa*

**ALAN WILSON**
**Attorney General of South Carolina**

/s/ J. Emory Smith
J. Emory Smith, Jr.
 *Deputy Solicitor General*
Office of the Attorney General of South Carolina
P.O. Box 11549
Columbia, SC 29211
803-734-3680
ESmith@scag.gov
*Counsel for State of South Carolina*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 15, 2023, a true and correct copy of the foregoing and any attachments were filed electronically through the Court's CM/ECF system, to be served on counsel for all parties by operation of the Court's electronic filing system for all parties who have appeared and to be served on those parties who have not appeared in accordance with the Federal Rules of Civil Procedure or other means agreed to by the parties.

                                             /s/ Eric J. Hamilton
                                             Eric J. Hamilton